DANIEL WANN, impleaded, &c., appellant, v. RICHARD H. McGOON, appellee.

*Appeal from the Municipal Court of the City of Alton.*

The defendant, after a demurrer to his pleas has been sustained, by asking leave to plead, and filing additional pleas, waives his first pleas, and cannot assign for error the decision of the Court in relation to them. So, also, by filing a rejoinder to a replication which he has demurred to, and which has been sustained, he virtually waives and withdraws his demurrur.

Where a defendant was arrested upon a *capias ad respondendum* issued upon an insufficient affidavit, and gave bail, and upon motion to dismiss the suit on that account, the Court directed the bail bond to be cancelled, and that the motion to dismiss be overruled, and that the defendant be ruled to plead. *Held*, that the Court did not err in refusing to dismiss the suit, and that the *capias* stood in the nature of a summons ; and the arrest being equivalent to a service of a summons, the defendant was bound to appear and answer the declaration.

A plea to an action upon a promissory note, alleging that the consideration of the note was certain lands, in relation to which the plaintiff made certain false and fraudulent representations, which induced the defendant to purchase the same, is defective, unless it sets forth a particular description of the lands.

A plea to an action upon a promissory note, given for certain lands alleged that the plaintiff had no good and indefeasible estate in the lands of which he represented himself seized, and also averred that he had a wife who was entitled to dower out of the estate in the lands of which the plaintiff was seized, contrary to his representation that he had no wife in being : *Held*, that these were inconsistent averments, and the plea was bad for duplicity.

THIS was an action of *assumpsit* commenced by McGoon against the appellant, in the Municipal Court of the city of Alton, on a promissory note for $ 5,000, on which there was a credit, before bringing the suit, of $ 604,61. The note was dated at Galena, Illinois, October 15th, 1836.

Upon the affidavit of McGoon, the defendant was held to bail in the sum of $ 4,500. At the return term of the process, the defendant moved to dismiss the suit on account of defects in the affidavit upon which the *capias* was issued. Upon the hearing of the motion, the Court adjudged that the bail bond taken in said cause be cancelled, and that the motion to dismiss said suit be overruled, and that the said defendant, on whom the process was served, be ruled to plead as on common bail. The defendant then pleaded the general issue, and four special pleas. The plaintiff joined issue on the first plea, and filed special demurrers to the special pleas. The demurrers were sustained, and judgment of *respondeat ouster* rendered. The defendant then filed six special pleas ; and the plaintiff demurred specially to each.

The Court sustained the special demurrers as to the 2d and 5th special pleas, and overruled the demurrer as to the 3d, 4th, 6th, and 7th. To the replication of the plaintiff to the said 3d, 4th, 6th and 7th special pleas, the defendant interposed a general demurrer, which was overruled by the Court. Thereupon the defend-

ant filed a rejoinder, and the cause was continued to the April term of said Court, at which last mentioned term, judgment was rendered on a verdict of a jury, for the plaintiff for $ 4,687,96. The proceedings were had before Hon. William Martin.

The defendant appealed to this Court, and assigned for error, 1st, That the Court erred in refusing to quash the writ ; 2d, That the Court erred in sustaining the plaintiff's demurrer to the 2d, 3d, 4th, and 5th pleas first filed in the said cause in the Court below ; 3d, The Court erred in sustaining the plaintiff's special demurrer to the 2d and 5th pleas of the defendant lastly pleaded ; 4th, The Court erred in overruling the defendant's demurrer to the plaintiff's replication.

The 2d and 5th pleas, last mentioned, were as follows :

2. " And for further plea in this behalf, the said defendant, Daniel Wann, impleaded, &c., says *actio. non*, because he says that at the time when, &c., there was fraud, circumvention, and deceit in obtaining the said note in the said declaration mentioned, in this, to wit, that on the said 15th day of October, A. D. 1836, the said plaintiff represented to this defendant and his co-defendants, that he was the owner and possessor of certain real estate situated in Iowa county, Wiskonsin Territory, and also that he, the said plaintiff, was the owner and proprietor of certain other lands and real estate situated in Jo Daviess county, Illinois, and that the said lands and real estate aforesaid were of great value, and that the same were mineral lands, and further represented to this defendant and his co-defendants, that the said lands and real estate had upon the same large mines of lead and copper ore and mineral, and that its value was, by reason of such represented mines of lead and copper ore and mineral, greatly enhanced in value, and the said plaintiff, at the time proposed and offered to sell said lands and real estate to this defendant and his co-defendants ; and this defendant avers that from the representations aforesaid he was induced to purchase the said lands, and did, with his co-defendants, purchase said lands, and gave their said promissory note for the consideration and price of said lands ; whereas in truth and in fact, this defendant avers that the said representations aforesaid, made by the plaintiff as aforesaid, were false and fraudulent, and that the plaintiff at the time aforesaid well knew his said representations were false and fraudulent. And this defendant avers that the representations made by the plaintiff of the great value of said lands, and that they had mineral upon the same, as set forth aforesaid, were the only inducements that led the defendants to make the purchase of said lands, and give their note therefor, and this he is ready to verify."

5. " And for further plea in this behalf, this defendant says *actio. non*, because he says that heretofore, to wit, on the 15th day of October, A. D. 1836, the said plaintiff offered to sell to

this defendant and his co-defendants, certain lands situated in the county of Iowa, Territory of Wiskonsin, and represented that he had a good and indefeasible title to the same ; that he was an unmarried man, and had no wife who could be entitled to dower in said lands.    And this defendant avers that the representations so made by the plaintiff and set forth in this plea, were the only inducements that led the defendant and his co-defendants to buy said lands.    And this defendant and his co-defendants, relying on the representations so made, did buy said lands and give their note to said plaintiff for the same, which is the same note on which this suit is brought.    Whereas, in truth and in fact, the said plaintiff, at the time when, &c., well knew that his representations so made as aforesaid, were false and fraudulent, and well knew that he was a married man, and had a wife who was entitled to dower in said lands by the laws of said territory, and that the fraud, misrepresentation, and circumvention used by the said plaintiff to induce this defendant and his co-defendants to buy said lands, and give their note therefor, consisted in this, to wit, that said plaintiff, in truth and in fact, had no good and indefeasable title to said lands, and that he had a wife by the name of —— McGoon, then living, who, by the laws of Wiskonsin Territory, was and still is, entitled to receive, hold and occupy one third of the said real estate in right of her dower to the same, and so the said defendant says the said note was obtained without any good or valuable consideration, and this he is ready to verify."

A. Cowles and J. M. Krum, for the appellants, cited 19 Johns. 170; R. L. 488, title *Practice ;* 2 Wend. 630 ; N. Y. Dig. title *Practice ;* Munn *v.* Conley, 4 Cowen 148 ; Vanderpool *v.* Wright, 1 Cowen 209 ; 1 Paine & Duer's Pract. 395 ; 1 Tidd's Pract. 263 ; 3 Cranch 498 ; Steph. Plead. 158 ; 1 Chit. Plead. 507, 511, 512, 513, 523, 565 ; 18 Johns. 28 ; 20 Johns. 204 ; 1 Saund. 28, n. 3 and 14 ; 4 East 503 – 4 ; 10 Johns. 389, 391 ; Breese and the decisions of the S. C. since.

J. Shields and G. P. Koerner, for the appellees, cited Breese 3 ; 3 Cranch 496 ; R. L. 65 § 6 ; Gale's Stat. 50 ; 1 Bac. Abr. 328, title *Bail,* B. ; 2 Wilson 225 ; 1 Burr. 332 ; 7 Term R. 375, 77 ; 1 East 81, 330 ; 1 Bos. & Pul. 132 ; Appendix to Sellon's Pract. *letter* E. 663 ; Chrisman *et al. v.* Matthews, 1 Scam. 148.

Smith, Justice, delivered the opinion of the Court :

Two grounds of error have been assigned in this case, which it is necessary to notice particularly.    The second and fourth being evidently no grounds of error.    It appears by the record that after the plaintiff's demurrer to the 2d, 3d, 4th, and 5th pleas, had been sustained, the defendant asked leave to plead over, and did

actually file six new pleas ; he therefore has no right now to question the decision on the demurrer. On the fourth ground he is equally unfortunate. After demurring to the plaintiff's replications, he filed a general rejoinder to the replications, and thereby virtually waived and withdrew his demurrers ; and no question can be now made as to the sufficiency of the replications. The first error assigned is that the Municipal Court erred in not dismissing the suit on the motion of the defendant in the Court below ; the second that the Court erred in sustaining the demurrers to the 2d and 5th pleas of the defendant, Wann, secondly pleaded. On the first exception I am inclined to the opinion that although the Municipal Court discharged the defendant from his liability on the special bail bond, on filing common bail, and thus virtually from the arrest, it did not err in refusing to dismiss the suit. The *capias* stood in the nature of a summons ; and the arrest being equivalent to a service of it, he was bound to appear and answer the declaration. As regards the 2d and 5th pleas, I perceive no objection to the decision. The second plea is radically defective in not describing the real estate specially and certainly which the plea charges the plaintiff, McGoon, represented himself the owner of. Its precise locality should have been given, so that the plaintiff might know certainly what lands he was charged with having misrepresented, and for the sale of which the note sued on is alleged to have been the consideration. As the plea stands, from its entire general character, it would have enabled the defendant to have given evidence of any lands situated in the county of Iowa, in Wiskonsin Territory, and in Jo Daviess county in this State ; and of this the plaintiff could have no knowledge until the evidence was produced. The surprise that this would have produced on the plaintiff, can be as well imagined as its injustice would be apparent.

The plaintiff was entitled to an accurate description of the identical lands, and the defendant having it entirely in his power to afford this description, should have set it out in his plea ; not having done so, the plea is bad. As to the 5th plea, it is bad for duplicity. It affirms that the plaintiff had no good and indefeasible estate in the lands of which he represented himself seized ; and afterwards avers that he had a wife who was entitled to dower out of the estate in the lands of which the plaintiff was seized, contrary to his representation that he had no wife in being. These are certainly inconsistent allegations. The plea is manifestly bad, being double. There was no error, then, in sustaining the demurrer. I am of opinion that the judgment should be affirmed with costs.

*Judgment affirmed.*